## Commonwealth ex rel. Robinson, Appellant, *v.* Cavell.

Submitted November 19, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

Opinion Per Curiam, January 21, 1958:

On March 18, 1957, the relator petitioned for his discharge from Western State Penitentiary on habeas corpus. He had been committed on sentences which when cumulated amounted to imprisonment for a term of 15 to 30 years from November 25, 1947. This appeal is here on the record in the court below, without argument and without briefs.

In dismissing the petition for the writ President Judge McNaugher said: "At the hearing on a rule to show cause why a writ of habeas corpus should not issue, the relator being represented by counsel, it appeared that the only averment of the petition to be considered in such a proceeding was that the relator was of tender years at the time of sentence and was not at that time represented by an attorney. It is not altogether clear whether counsel representing him was present (although there was counsel at least representing joining defendants), but in any event the record shows that he had previous experience as a defendant in the courts and that there was no ingredient of unfairness which would invalidate the pleas of guilty. It is to be noted also that the petitioner waited [almost] ten years after sentence before making complaint. The rule to show cause will therefore be discharged."

The sentences of relator on November 25, 1947, were on his convictions by pleas of guilty to three distinct

charges of armed robbery and receiving stolen goods. If as he stated in his petition that he pleaded guilty on a promise that sentence would be suspended, it can hardly be that he would have waited more than nine years after sentence to complain. In any view however his delay in making the application convicts him of such laches as will prevent him from raising the question now, especially since Judge EGAN who heard his pleas and passed sentence and the city detective who is alleged to have promised relator a suspended sentence are both deceased. Relator by his own delay has made it impossible to develop the material facts and the dismissal of the petition without the taking of testimony was proper. *Com. ex rel. Quinn v. Smith,* 144 Pa. Superior Ct. 160, 19 A. 2d 504. Moreover, even if relator was not represented by the lawyer who appeared for his co-defendants, he was not prejudiced. Cf. *Com. ex rel. Popovich v. Claudy,* 170 Pa. Superior Ct. 482, 87 A. 2d 489. He was 21 years old when he entered his pleas and he had had experience in the criminal courts and he knew the nature and seriousness of the crimes to which he confessed his guilt. This proceeding has much in common on the facts with *Com. ex rel. Reese v. Claudy,* 170 Pa. Superior Ct. 488, 87 A. 2d 492, and is ruled by the principles of that case.

Order affirmed.