444 A.2d 1291

**COMMONWEALTH of Pennsylvania**

v.

**John W. JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 21, 1980.

Filed April 30, 1982.

494

Margaret T. M. McKeown, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, BROSKY and VAN der VOORT, JJ.

SPAETH, Judge:

This appeal is from an order denying, without a hearing, appellant's third P.C.H.A. petition. The lower court found that all of appellant's claims had either been previously litigated or waived. We agree with appellant that one of his claims—that because of ineffective counsel he was denied his right of appeal from the order denying his first P.C.H.A. petition—has not been previously litigated or waived. We therefore reverse and remand for further proceedings consistent with this opinion.

This case has an extensive history going back more than 20 years. We shall, however, recount only so much of it as is necessary to dispose of the issue now before us. *See also Commonwealth v. Johnson*, 222 Pa.Superior Ct. 233, 294 A.2d 778 (1972).

Appellant was originally arrested in 1961 and was eventually convicted of aggravated robbery and criminal conspiracy and placed on probation. In 1969 he was found in violation of probation for the second time. Probation was revoked and a prison sentence of 8 to 20 years was imposed. Appellant did not appeal from the order revoking probation, but in November 1969 he did file a counseled P.C.H.A. petition. This was appellant's first P.C.H.A. petition. On June 10, 1970, after a hearing, it was denied.

Appellant did not appeal the order denying his first P.C. H.A. petition. On August 26, 1970, counsel who had represented appellant on his first petition wrote appellant a letter. In the letter counsel explained that he had intended to appeal the order denying the first petition, and had prepared the appeal papers, but that he had been unable to appeal because his associate, believing that the appeal period was 45 days, had let the appeal period expire. The letter went on to say that a petition for permission to appeal *nunc pro tunc* had already been denied by this court, that an appeal had been taken to Supreme Court, and that if the Supreme Court also denied relief, counsel intended to file a petition for a writ of habeas corpus in federal court.

The record discloses that the Supreme Court did deny relief and that on May 16, 1971, a petition for a writ of habeas corpus was filed in the United States District Court. On January 11, 1974, that court denied the petition on the ground that appellant had not exhausted his state remedies in that he could still file another petition under the Pennsylvania Post Conviction Hearing Act alleging that his failure to appeal the order denying his first petition was the result of ineffective assistance of counsel. On July 28, 1977, appellant did file *pro se* a P.C.H.A. petition that made that allegation, among others. This was appellant's third P.C. H.A. petition.[1] As part of the petition appellant included a copy of the letter of August 26, 1970, in which counsel on the

1. Meanwhile, on April 26, 1971, appellant had filed a second P.C.H.A. petition, which raised only one claim, relating to double jeopardy, and was denied by the lower court and, on appeal, by this court. *See Commonwealth v. Johnson, supra.*

first petition had explained why no appeal from the order denying that petition had been taken. By order of February 9, 1978, the lower court, without a hearing, denied appellant's third petition. This appeal is from that order.

■■■ The Commonwealth argues that appellant is not entitled to relief because in this, his third, P.C.H.A. petition, he has failed to allege that counsel on his second petition was ineffective for failing to allege that counsel on his first petition was ineffective. Letter Brief of 6/6/80 at 2. This argument is without merit. It is clear from both appellant's brief to this court, at 14, and from his third petition, that appellant had the same counsel on both his first and second P.C.H.A. petitions. The Supreme Court and this court have consistently held that counsel's failure to allege his own ineffectiveness will not result in a waiver. *E.g., Commonwealth v. Triplett*, 476 Pa. 83, 381 A.2d 877 (1977); *Commonwealth v. Oliver*, 280 Pa.Superior Ct. 274, 421 A.2d 719 (1980). Appellant's third P.C.H.A. petition was therefore his first opportunity to allege the ineffectiveness of counsel for failing to appeal the order denying his first petition.

■■■ The Commonwealth also argues that in order to be entitled to relief under the Post Conviction Hearing Act appellant must show that his appeal would have had merit. This court sitting *en banc* has just reaffirmed that that is not the law. Once this court, or the lower court, has determined that a P.C.H.A. petitioner has been wrongfully denied his right of appeal our inquiry ceases and the question of whether the appeal is meritorious is left to the appeal to which he had been entitled all along.[2] *Commonwealth v.*

2. There is one exception to this rule. If the P.C.H.A. petition raises issues other than the denial of appellate rights, the lower court must see to it that the record with regard to those issues is such as to permit appellate review. This may require the lower court to receive further evidence and make findings of fact. *Commonwealth v. Miranda, supra*, 296 Pa.Superior Ct. at ——, 442 A.2d at 1138–39 (Slip op. at 10–11.) *See Commonwealth v. Sullivan*, 472 Pa. 129, 371 A.2d 468 (1977). This exception, however, is not relevant here, for the only issue properly presented by appellant's third P.C.H.A. petition is the denial of appellate rights following his first petition.

*Miranda,* 296 Pa.Superior Ct. 441, 442 A.2d 1133 (1982); · *Commonwealth v. May,* 296 Pa.Superior Ct. 435, 442 A.2d 1129 (1982).[3]

■ If, as represented in his letter to appellant, counsel failed to appeal the order denying the first P.C.H.A. petition because he let the appeal period expire, counsel was ineffective. Since this letter was part of appellant's P.C.H.A. petition, the lower court should have ordered an evidentiary hearing at which the Commonwealth could by cross-examination test counsel's representation, and each side could present whatever other evidence might be relevant to the issue of whether appellant's failure to appeal was a knowing and voluntary waiver of his appellate rights.

The order of the lower court will therefore be reversed and the case remanded for an evidentiary hearing. If the lower court finds that appellant's failure to appeal the order denying his first P.C.H.A. petition was not a knowing and voluntary waiver of his appellate rights, it shall permit him to file an appeal *nunc pro tunc.* If it does not so find, it shall reinstate its previous order or make such other order as may be appropriate. Any further appeal must be from the order entered by the lower court after the hearing. We do not retain jurisdiction.

Reversed and remanded for further proceedings consistent with this opinion.

BROSKY, J., concurs in the result.

**3.** We have held this case until the opinions in *Miranda* and *May* were filed.