445 A.2d 1250

**COMMONWEALTH of Pennsylvania**

v.

**Charles TATE, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 24, 1981.

Filed May 21, 1982.

Eric L. Lilian, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, WIEAND and JOHNSON, JJ.

JOHNSON, Judge:

After a nonjury trial, Appellant was convicted of Burglary [1] and Criminal Trespass.[2]  Post-verdict motions were denied, and Appellant was sentenced to a five-year period of probation and was ordered to pay both costs and ten dollars

---

1.  18 Pa.C.S.A. § 3502.

2.  *Id.*, § 3503.

($10.00) to the Victims Fund. This is an appeal from the judgment of sentence.

For the following reasons, we vacate the judgment of sentence and remand.

Appellant was found inside an unoccupied row house that was owned by the Philadelphia Housing Development Corporation. The plywood over a basement window had been removed, and the window had been forced open. Plumbing fixtures and pieces of copper tubing were piled near the front door. The police found Appellant bending a piece of copper tubing in the kitchen, and they proceeded to arrest Appellant.

Appellant raises two issues. First, did the Commonwealth sustain its burden of proof (a) concerning ownership of the house, and (b) that Appellant lacked permission to enter the house? Second, was trial counsel ineffective for failing to file a timely post-verdict motion that would have preserved the issue of whether or not the Commonwealth proved due diligence at the Rule 1100(c)[3] hearing held February 26, 1980?

In considering Appellant's first issue, we begin with the following principle:

> To evaluate the sufficiency of evidence, we must view the evidence in the light most favorable to the Commonwealth as verdict winner, accept as true all the evidence and reasonable inferences upon which, if believed, the jury could properly have based its verdict, and determine

---

**3.** Pa.R.Crim.P., Rule 1100(c), 42 Pa.C.S.A. (Pamph.1981) states:

(c) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Any order granting such application shall specify the date or period within which trial shall be commenced.

whether such evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt. *Commonwealth v. Coccioletti*, [393] Pa. [103], 425 A.2d 387 (1981).

*Commonwealth v. Parker*, 494 Pa. 196, 198, 431 A.2d 216, 217 (1981).

■ To establish that Appellant did not own the house in which he was found, the Chief Security Officer for the Philadelphia Housing Development Corporation (PHDC) testified that PHDC owned the house in question and that Appellant did not have permission to enter it. In *Commonwealth v. Spann*, 228 Pa.Super.Ct. 192, 194, 323 A.2d 140, 141 (1974), we held that the testimony of a security guard for the Philadelphia Redevelopment Authority constituted sufficient evidence that the defendant did not own the building in question. In the instant case, the Commonwealth, therefore, provided sufficient proof that Appellant lacked permission to enter the premises. Thus, Appellant's first issue lacks merit.

We proceed to consider Appellant's second issue, regarding ineffective assistance of counsel.

■ In considering a claim of ineffective assistance of counsel, we must first decide whether or not the issue that counsel failed to raise or to preserve had some arguable merit. *Commonwealth v. Hubbard*, 472 Pa. 259, 277, 372 A.2d 687, 695–696 (1977). If we decide that the issue had some arguable merit, we must proceed to consider whether or not the course adopted by counsel had some reasonable basis. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). If counsel's decision had any reasonable basis, "the balance tips in favor of effective assistance. . . ." *Id.*, 427 Pa. at 604–605, 235 A.2d at 353.

The complaint in the instant case was filed on June 17, 1979; and the run date was December 14, 1979. When the case was called for trial on September 17, 1979, Appellant

requested a continuance for further preparation. The court granted a continuance to Appellant until November 28, 1979.

Although Appellant's trial was scheduled to commence on November 28, 1979, the Commonwealth requested a continuance because the arresting officer was ill and could not testify.

On November 30, 1979, the Commonwealth filed a petition to extend under Rule 1100(c). The court did not schedule a hearing on the Commonwealth's petition until February 8, 1980.[4] The hearing on the aforesaid date was continued until February 15, 1980, to enable the police officer to testify concerning his illness on the scheduled trial date of November 28, 1979. The police officer failed to appear on February 15, 1980, so the hearing was continued until February 26, 1980.

At the Rule 1100(c) hearing on the aforesaid date, the police officer testified concerning his illness on November 28, 1979. Counsel for Appellant argued that the Commonwealth must also present testimony concerning its efforts to relist the case between November 30, 1979, the date on which the officer returned to work, and January 25, 1980,[5] the new run date. Although the court noted Appellant's objection for the record, the court found that the Commonwealth had proved that it exercised due diligence in bringing Appellant's case to trial.

The record of February 26, 1980, reflects the objection of Appellant's counsel to the finding of due diligence because the Commonwealth failed to present evidence that trial had

**4.** We note that our court has, on several occasions, expressed disapproval of the practice of delaying a hearing on an 1100(c) petition until the run date has expired. *See Commonwealth v. Metzger*, 249 Pa.Super.Ct. 107, 110 n.2, 375 A.2d 781, 783 n.2 (1977) and cases cited therein. We note our strong disapproval of the two-month delay in the instant case.

**5.** Although the original run date was December 14, 1979, the addition of 42 excludable days—due to Appellant's request for a continuance—extended the original run date to January 25, 1980.

been scheduled for the earliest possible date. Despite his objections at the Rule 1100(c) hearing, Appellant's counsel failed to include this issue in his post-trial motions. Although Appellant's counsel raised the 1100(c) issue in a supplemental post-trial motion, the judge refused to consider this issue because the motion had not been timely filed and Appellant's counsel failed to obtain the notes of testimony to support the supplemental post-trial motion.

Since the failure to raise an issue in post-trial motions results in a failure to preserve the issue for appeal, Appellant claims that his counsel was ineffective for failing to present a timely motion on the Rule 1100(c) issue.

■ In light of *Hubbard*, we must first decide whether or not the Rule 1100(c) issue, that Appellant's counsel failed to preserve, had some arguable merit. After consideration of both the record in the instant case and recent decisions by this court, we conclude that the issue had arguable merit.

In *Commonwealth v. Levitt*, 287 Pa.Super.Ct. 115, 429 A.2d 1126 (1981), President Judge CERCONE held:

Although judicial delay may justify an extension, the prosecution must yet provide a record showing of due diligence and *certification that the trial is scheduled for the earliest date consistent with the court's business.* This was not accomplished in the case at bar. Moreover, where, as here, the delay is due to the court's inability to try defendant within the prescribed period, *the record must also show the causes of the court delay and the reason why the delay could not be avoided. Commonwealth v. Hoffman*, 255 Pa.Super. 66, 386 A.2d 138 (1978). *See also Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976); *Commonwealth v. Mines*, [282] Pa.Super. [157], 422 A.2d 876 (1980); *Commonwealth v. Berry*, 271 Pa.Super. 466, 414 A.2d 130 (1979); *Commonwealth v. Weber*, 256 Pa.Super. 483, 390 A.2d 206 (1978). [Emphasis added.]

*Id.*, 287 Pa.Superior Ct. at 119–120, 429 A.2d at 1128–1129. *Commonwealth v. Mayfield*, 469 Pa. 214, 364 A.2d 1345 (1976), held that the record must establish not only that the Commonwealth has exercised due diligence but that "trial is scheduled for the earliest date consistent with the court's business. . . ." *Id.*, 469 Pa. at 222, 364 A.2d at 1349.

In the instant case, Appellant's trial was not commenced until February 26, 1980 [6]—the day on which the Commonwealth's Rule 1100(c) petition was granted. Since the police officer returned to work on November 30, 1979, the Commonwealth was required to present evidence that Appellant's trial could not have been scheduled to commence before January 25, 1980, the new run date. The Commonwealth failed to present this evidence. Thus, in light of the foregoing cases, the issue that Appellant's counsel failed to preserve had arguable merit.

■ *Washington v. Maroney* mandates that we must proceed to determine whether or not Appellant's counsel had some reasonable basis for his failure to present the aforesaid issue in timely post-trial motions. In the instant case, we are unable to determine from the record whether or not Appellant's counsel was ineffective. Thus, we remand for an evidentiary hearing to determine whether or not counsel was ineffective. If the lower court finds that counsel was ineffective, the appropriate remedy is to allow Appellant to file post-trial motions nunc pro tunc to determine whether or not the Commonwealth proved due diligence in scheduling Appellant's trial for the earliest possible date.

For the foregoing reasons, we vacate the judgment of sentence and remand for proceedings consistent with this opinion.

Jurisdiction is not to be retained by this court.

6. On February 8, 1980, the court granted a continuance until February 26, 1980, because the Rule 1100(c) petition was still outstanding.