446 A.2d 660

**COMMONWEALTH of Pennsylvania**

v.

**John NASTARI, Appellant.**

Superior Court of Pennsylvania.

Submitted May 22, 1981.

Filed June 4, 1982.

John P. Liekar, Canonsburg, for appellant.

Herman J. Bigi, District Attorney, Charleroi, for Commonwealth, appellee.

Before CERCONE, President Judge, and MONTGOMERY and VAN der VOORT, JJ.

PER CURIAM:

On February 16, 1976, appellant pleaded guilty to second degree murder at No. 955 a of 1975. On July 29, 1977, he was sentenced to a term of imprisonment of ten (10) to twenty (20) years. Prior to his plea, he had entered into discussions with the Commonwealth regarding the prosecution of his co-actors. An agreement was reached. The district attorney would proceed to nolle prosse the charges

of burglary and robbery at No. 955 b of 1975 [1] if appellant would testify against his co-defendant. As appellant refused to testify at his co-defendant's trial, the Commonwealth did not proceed to nolle prosse the remaining charges. On September 6, 1977, appellant entered a guilty plea to the remaining charge.

On September 21, 1974, when appellant was before the court for sentencing on No. 955 b, but prior to the actual imposition of sentence, defense counsel orally moved for allowance to withdraw appellant's guilty plea. (N.T. 9/21/79, p. 11). Such motion was denied and appellant was sentenced. On October 12, 1979, appellant filed a petition to withdraw his guilty plea and a hearing was held thereon on October 24, 1979. By opinion and order filed November 26, 1979, the court denied the motion.[2] No appeal was taken from the court's denial of this motion.

On May 5, 1980, appellant filed a petition with this court requesting permission to file an appeal *nunc pro tunc*. The basis for appellant's request was that the Opinion and Order of October 24, 1979 was "inadvertently . . . misplaced" within the Office of the Public Defender until April 28, 1980. Such request was denied as this court was without the authority to extend the time for appeals. Subsequently, appellant filed a Post Conviction Hearing Act petition requesting permission to file an appeal *nunc pro tunc*. The lower court denied the petition, without a hearing, on July 16, 1980, finding that the Pennsylvania Rules of Appellate Procedure were to be strictly adhered to.

Neither party has succinctly stated the issue that must be resolved: was appellant's failure to perfect an appeal a knowing and voluntary waiver. In fairness to both the

1. All charges arose from the same criminal episode. The court resolved appellant's claim under *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973) against him. This issue is not before this court.

2. As the matter had been raised prior to imposition of the sentence, the court deemed the motion to have been filed prior to sentencing and treated it accordingly. See Opinion, November 26, 1979, fn. 1.

Commonwealth and appellant, we must note that the parties did not have at the time briefs were filed, the guidance of recent opinions of this court. In *Commonwealth v. Miranda*, 296 Pa.Superior Ct. 441, 442 A.2d 1133 (1982) this court laid out the procedure to be followed when a PCHA petition alleges that the petitioner was denied his right to appeal. The hearing court must determine whether the failure to take an appeal was a knowing and intelligent waiver of such. If the failure to appeal was not a result of an informed choice then the petitioner should be granted the right to appeal *nunc pro tunc*. The hearing court should not address the issues to be raised on appeal, except where the record is inadequately developed. In that situation an evidentiary hearing should be held so to create a complete record for purposes of review.

Even more recently this court addressed a situation very similar to appellant's. Here appellant contends that the order denying his petition to withdraw his plea was inadvertently misplaced resulting, in counsel's unawareness of that decision, and therefore counsel's failure to appeal the order. In *Commonwealth v. Johnson*, 298 Pa.Superior Ct. 493, 444 A.2d 1291 (1982) the PCHA petitioner claimed that his failure to take an appeal resulted from counsel's associate's misbelief that the appeal period was 45 days and the actual appeal period of 30 days was mistakenly allowed to expire. A petition for permission to appeal *nunc pro tunc* was denied by this court. The appellant then filed his PCHA petition which the lower court denied.

In *Johnson*, this court reversed and remanded the case for an evidentiary hearing. The court was directed to determine whether there was a knowing and voluntary waiver of appellate rights. If the court found there was not, then the appellant was to be permitted to file an appeal *nunc pro tunc*. If a valid waiver was found, the court was directed to reinstate its original order or to make such other order as may be appropriate.

We reverse the lower court's order and direct it to proceed in accordance with *Johnson,* supra.[3] We do not retain jurisdiction.

**3.** In *Commonwealth v. Clark,* 296 Pa.Superior Ct. 315, 442 A.2d 786 (1982) this court applied *Miranda,* supra, to a guilty plea situation and held a petitioner should first be permitted to petition to withdraw his guilty plea nunc pro tunc. In the current appeal as appellant has been heard on his petition to withdraw his plea, *Clark* is not applicable.