463 A.2d 1142

COMMONWEALTH of Pennsylvania

v.

**George A. KENNEY, Appellant.**

Superior Court of Pennsylvania.

Submitted April 27, 1983.

Filed July 29, 1983.

Petition for Allowance of Appeal Denied Nov. 22, 1983.

176

Joseph V. Furlong, Jr., Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Com., appellee.

Before ROWLEY, WIEAND and POPOVICH, JJ.

WIEAND, Judge:

The issue in this appeal is whether appellant's 1970 trial attorneys were ineffective because they failed to object and move for a mistrial when appellant, after repeated, deliberate outbursts, was ordered restrained and gagged by the trial court. We agree with the P.C.H.A. hearing court that appellant failed to show that counsel was constitutionally ineffective; and, therefore, we affirm the order dismissing appellant's P.C.H.A. petition.

On April 10, 1970, a jury found George Kenney, the appellant herein, guilty of murder in the first degree in connection with the shooting death of John Bucykowski during the holdup of a state liquor store in Philadelphia on May 4, 1968. A significant part of the Commonwealth's case had been a lengthy and detailed confession made by appellant. A sentence of life imprisonment was affirmed on direct appeal by the Supreme Court. *Commonwealth v. Kenney*, 449 Pa. 562, 297 A.2d 794 (1972). On December 3, 1979, appellant filed a pro se P.C.H.A. petition contending that his trial counsel had been ineffective. New counsel was appointed, and a hearing was held. This appeal followed the denial of post conviction relief.[1]

1. The issue of trial counsels' effectiveness has not been waived by appellant's failure to raise the issue on direct appeal. On direct appeal, appellant was represented by the same attorneys who had represented him at trial. Under such circumstances, counsel could not be expected to argue their own ineffectiveness; and, therefore, the issue has not been waived. See: *Commonwealth v. Nelson*, 489 Pa. 491, 495, 414 A.2d 998, 1000 (1980); *Commonwealth v. Zakrzewski*, 485 Pa. 532, 534 n. 2, 403 A.2d 516, 517 n. 2 (1979); *Commonwealth v. Dimitris*, 484 Pa. 153, 155, 398 A.2d 990, 991 (1979); *Commonwealth v. Flynn*, 295 Pa.Super. 513, 520 n. 5, 442 A.2d 256, 260 n. 5 (1982); *Commonwealth v. Davis*, 267 Pa.Super. 118, 121, 406 A.2d 547, 548 (1979).

However, we observe that the filing of appellant's P.C.H.A. petition was delayed seven years after his conviction had been affirmed by the Supreme Court. Unexplained delay in seeking P.C.H.A. relief is a factor which may be considered in assessing the merits thereof. *Commonwealth v. Alexander*, 495 Pa. 26, 36, 432 A.2d 182, 186–187 (1981) (Opinion of Larsen, J.); *Commonwealth v. Strickland*, 306 Pa.Super. 516, 526, 452 A.2d 844, 849 (1982). See: *Commonwealth v. McCloud*, 312 Pa.Super. 29, 32 n. 3, 458 A.2d 219, 220 n. 3 (1983).

During the jury selection process, appellant became obstreperous. During voir dire examination of prospective jurors, appellant constantly interrupted both counsel and the court to propound his own, irrelevant questions. Despite several warnings from the court, appellant adamantly refused to allow the selection of jurors to proceed in an orderly manner. No sanctions were imposed, however, and the court recessed. On the following day, appellant resumed his disruptive behavior. He openly accused the trial judge of prejudice and denounced his lawyers.[2] Appellant received yet another warning. When the appellant was told that continued interruptions would result in his being gagged, he retorted:

THE DEFENDANT: If I have something to say, I'm going to say it.

THE COURT: You will keep quiet.

THE DEFENDANT: When I have something to say, I'll keep saying it.

THE COURT: If you don't keep quiet, we will gag you and we will remove you, if necessary, and you are to keep quiet.

THE DEFENDANT: If you're going to gag me, gag me.

THE COURT: You are to keep quiet.

THE DEFENDANT: I'm going to be heard.

THE COURT: And any other outburst, we will gag you. We will put something over his mouth.

THE DEFENDANT: And that's what you're going to have to do because I'm not going to stop talking.

---

2. In his appellate brief, appellant expresses dissatisfaction with counsel because they refused to ask prospective jurors the questions which he suggested. The questions, however, were clearly improper. Commonwealth objections to those that were asked were properly sustained, and counsel was instructed to ask no further questions of a similar nature. Those asked included (1) "Do you know or did you know that the American so-called Negro was kidnapped from his country somewhere around four hundred years ago?" (2) "Do you know the difference between a black man and a Negro?" (3) "Do you know who revised the Holy Bible?" (4) "What is your religious belief?"

THE COURT: And, as I understand the law, we can even remove him from this courtroom.

THE DEFENDANT: You can do that, too.

THE COURT: And he will not talk. Now, that's an absolute and I am not going to say it again. Call the next prospective juror, please.

THE DEFENDANT: Nobody here being tried but me. It's my life in jeopardy, not yours. You tell me to keep quiet. This is a kangaroo court.

LORENZO S. OLIVERIO, residing at 704 Montrose Street, Philadelphia, Pennsylvania, having been duly sworn, testified as follows:

THE DEFENDANT: I say the hell with that Judge. The hell with the Judge.

(Whereupon the prospective juror, Lorenzo S. Oliverio was removed from the courtroom).

THE COURT: Now, I have heard twice "the hell with the Judge" and that's in contempt of this Court and it must not and will not happen in this courtroom.

THE DEFENDANT: You can give me a thousand charges of contempt if you want to.

THE COURT: I want the proper, whatever is necessary, to be placed over the mouth of this man at this juncture.

THE DEFENDANT: Why don't you just put me out of the courtroom?

THE COURT: And I want that done very promptly. Get whatever is a requisite to just do that at this juncture and we will take it from there. We will take a recess now of ten or fifteen minutes.

(N.T. 4/1/70, 151–54). Although defense counsel did not immediately object, a request was made later on the same day for removal of the gag. This request was granted.

After the taking of testimony had commenced, appellant remained quiet while several Commonwealth witnesses testified. When the Commonwealth was about to introduce appellant's inculpatory statement, however, appellant made

it known that he wished to make a public statement. The court instructed counsel that appellant would not be permitted to speak out at will during the trial and that he would again be gagged if he attempted to do so. Nevertheless, the court excused the jury and permitted defense counsel to read a statement prepared by appellant in which appellant charged that both the court and his attorneys were prejudiced against him. After the jurors had been returned to the courtroom and had taken their seats, appellant made an outburst in which he accused the trial judge of trying to prevent him from consulting with his attorneys. The court again ordered that restraints be applied.

■ In *Illinois v. Allen*, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970), the Supreme Court said:

It is essential to the proper administration of criminal justice that dignity, order, and decorum be the hallmarks of all court proceedings in our country. The flagrant disregard in the courtroom of elementary standards of proper conduct should not and cannot be tolerated. We believe trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case. No one formula for maintaining the appropriate courtroom atmosphere will be best in all situations. We think there are at least three constitutionally permissible ways for a trial judge to handle an obstreperous defendant like Allen: (1) bind and gag him, thereby keeping him present; (2) cite him for contempt; (3) take him out of the courtroom until he promises to conduct himself properly.

*Id.* at 344–345, 90 S.Ct. at 1061, 25 L.Ed.2d at 343–344. In *Commonwealth v. Africa*, 466 Pa. 603, 353 A.2d 855 (1976), three Justices of the Pennsylvania Supreme Court agreed that dealing with obstreperous defendants in criminal cases must be left to the sound discretion of the trial judge but expressed disapproval of binding and gagging the defendants under the circumstances of that case. Their expression of disapproval, however, was merely dictum—the issue was whether the defendants had properly been held in

contempt—and it did not represent the view of a majority of the Court. Most importantly, *Commonwealth v. Africa* was not decided until almost six years after the trial in the instant case. The law was in 1970, as it is now, that disruptions in a court of law threaten the ability of the court to act justly and cannot be tolerated. The means for enforcing orderly procedure must be left primarily to the discretion of the trial judge, and it is not error to gag and/or physically restrain a disruptive defendant. See: *State v. Watson*, 114 Ariz. 1, 559 P.2d 121 (1976), *cert. denied*, 430 U.S. 986, 97 S.Ct. 1687, 52 L.Ed.2d 382 (1977); *People v. Chacon*, 69 Cal.2d 765, 73 Cal.Rptr. 10, 447 P.2d 106 (1968); *People v. Rogers*, 187 Colo. 128, 528 P.2d 1309 (1974); *State v. Evans*, 169 N.W.2d 200 (Iowa 1969); *State v. Lee*, 395 So.2d 700 (La.1981); *People v. Kerridge*, 20 Mich.App. 184, 173 N.W.2d 789 (1969); *People v. Palermo*, 32 N.Y.2d 222, 344 N.Y.S.2d 874, 298 N.E.2d 61 (1973); *Kimithi v. State*, 546 S.W.2d 323 (Tex.Cr.App.1977).

In the instant case, appellant had disrupted the trial, had argued with the trial judge and had refused to heed admonitions of court and counsel to cease his verbal outbursts. Additionally, he had refused to enter a plea, had refused to stand when requested during voir dire, had attempted to escape and assault a bystander, and had threatened physical violence toward one of his attorneys. The trial judge, in the exercise of his discretion, determined that appellant could and should be allowed to remain present during the trial. In order to maintain order, free of appellant's unwarranted outbursts, and protect counsel and spectators, the court ordered that appellant be restrained and silenced.

Appellant contends that his trial counsel were ineffective because they failed to object and/or move for a mistrial after appellant had been gagged. One of appellant's trial counsel testified at the P.C.H.A. hearing that he did not object because he felt that appellant's conduct warranted the trial court's action and that there was no basis on which to challenge the manner in which the trial court's discretion had been exercised.

■ In *Commonwealth v. Kaufman,* 307 Pa.Super. 63, 452 A.2d 1039 (1982), this Court recently said:

When we study a claim of ineffectiveness, we must first determine whether the claim is of arguable merit. Only if the underlying claim is of arguable merit do we proceed to consider whether the strategy chosen by trial counsel has some reasonable basis designed to effectuate the interest of his client. *Commonwealth v. Evans,* 489 Pa. 85, 94, 413 A.2d 1025, 1028 (1980).

*Id.,* 307 Pa.Superior Ct. at 73, 452 A.2d at 1044. See: *Commonwealth v. Tann,* 500 Pa. 593, 600, 459 A.2d 322, 326 (1983); *Commonwealth v. Sherard,* 483 Pa. 183, 191, 394 A.2d 971, 975–976 (1978); *Commonwealth v. Lewis,* 314 Pa.Super. 298, 306–307, 460 A.2d 1149, 1153 (1983); *Commonwealth v. Nelson,* 311 Pa.Super. 1, 12, 456 A.2d 1383, 1388 (1983); *Commonwealth v. Costanzo,* 309 Pa.Super. 267, 271–72, 455 A.2d 153, 155 (1983); *Commonwealth v. Silvis,* 307 Pa.Super. 75, 77, 452 A.2d 1045, 1046 (1982); *Commonwealth v. Sutherland,* 305 Pa.Super. 1, 3, 451 A.2d 1, 2 (1982). Counsel will not be deemed ineffective for failing to file motions or make objections which are lacking in merit. *Commonwealth v. Casella,* 312 Pa.Super. 375, 378, 458 A.2d 1007, 1009 (1983), quoting *Commonwealth v. Roach,* 479 Pa. 528, 530, 388 A.2d 1056, 1057 (1978). See also: *Commonwealth v. Hubbard,* 472 Pa. 259, 278, 372 A.2d 687, 698 (1977). Moreover, counsel is presumed to be effective. *Commonwealth v. Miller,* 494 Pa. 229, 233, 431 A.2d 233, 235 (1981); *Commonwealth v. Strickland,* 306 Pa.Super. 516, 526, 452 A.2d 844, 849 (1982); *Commonwealth v. Norris,* 305 Pa.Super. 206, 210, 451 A.2d 494, 496 (1982). He will not be deemed ineffective because he fails to predict and/or argue all possible future developments in the law. See: *Commonwealth v. Arthur,* 488 Pa. 262, 268 n. 3, 412 A.2d 498, 501 n. 3 (1980), *cert. denied,* 449 U.S. 862, 101 S.Ct. 166, 66 L.Ed.2d 79 (1980); *Commonwealth v. Triplett,* 476 Pa. 83, 89, 381 A.2d 877, 881 (1977); *Commonwealth v. McCloud,* 312 Pa.Super. 29, 41, 458 A.2d 219, 225 (1983); *Commonwealth v. Warren,* 307 Pa.Super. 221, 224,

453 A.2d 5, 7 (1982); *Commonwealth v. Brinton,* 303 Pa.Super. 14, 21, 449 A.2d 54, 58 (1982).

In the instant case, appellant's behavior had disrupted the orderliness of the trial and compelled a response from the trial court. That response was dependent upon the circumstances and rested primarily in the court's discretion. The exercise of the court's discretion was consistent with a recognized means for dealing with obstreperous defendants. The first judicial expression of disapproval did not appear in Pennsylvania appellate decisions until the plurality's dictum in *Africa* six years later. In view of the state of the law in April, 1970, we cannot say that trial counsel were ineffective because they failed to object to the means adopted by the trial court to restrain appellant so that the trial could proceed. Moreover, trial counsel requested and received a jury instruction from the trial court that appellant's behavior during trial, as well as his court ordered restraint, had no relevancy to and should not be considered in determining the issue of guilt or innocence.

Appellant also complains because trial counsel, after telling the jury that he had been appointed by the court to represent appellant, described appellant as "a misguided young man who has indicated his distemper and has lost his sense of balance, so much so that he's almost disrupted the orderly processes of the Court." This was merely a preface to counsel's appeal to the jury not to hold against appellant his courtroom misbehavior. It also offered an explanation for counsels' participation in the trial despite appellant's expressed dissatisfaction with and animosity toward them. This was not ineffectiveness. Rather, it was an attempt to salvage a dispassionate examination of factual issues presented by the evidence despite the seeming roadblocks created by appellant's courtroom behavior.

Finally, appellant complains because trial counsel failed to object to closing remarks of the prosecuting attorney pertaining to the presence of the victim's blood at the scene of the shooting and the fact that it had pulsed from his jugular vein. There is no merit in this contention. The

victim had been struck in the neck by the bullet from appellant's gun. He did not immediately collapse but bled profusely and in a pulsating manner because of the nature of the wound. The prosecuting attorney must, of necessity, be permitted to argue consistently with facts in evidence and in support of reasonable inferences which can arguably be drawn therefrom. He must be accorded reasonable latitude in arguing his position to the jury. *Commonwealth v. Zettlemoyer*, 500 Pa. 16, 55, 454 A.2d 937, 958 (1982); *Commonwealth v. Smith*, 490 Pa. 380, 387–388, 416 A.2d 986, 989 (1980). See: *Commonwealth v. Womack*, 307 Pa.Super. 396, 406, 453 A.2d 642, 647 (1982). The District Attorney's statements in the instant case were proper attempts to summarize the evidence and the Commonwealth's contentions. There was no prosecutorial misconduct warranting an objection by defense counsel; and counsel was not ineffective for failing to voice a meritless objection.

The order is affirmed.