468 A.2d 1137

**COMMONWEALTH of Pennsylvania**

v.

**Julio RODRIGUEZ, a/k/a Jose Diaz, Appellant.**

Superior Court of Pennsylvania.

Submitted May 19, 1983.

Filed Dec. 16, 1983.

Petition for Allowance of Appeal Denied April 2, 1984.

Dana Rakinic, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, BROSKY and BECK, JJ.

HESTER, Judge:

On May 6, 1976, appellant was tried non-jury in the Court of Common Pleas of Philadelphia County. He was convicted of robbery [1], simple assault [2] and criminal conspiracy [3]. Appellant then fled the jurisdiction to Puerto Rico and failed to appear for sentencing. He was apprehended in February, 1981. Argument on post-verdict motions was continued to October 19, 1981, due to a series of continuances requested by appellant's counsel. Post-verdict motions were denied and a five year period of probation was imposed on the criminal conspiracy conviction, while sentences on the robbery and simple assault convictions were suspended.

The facts of the case are as follows:

On January 3, 1974, at approximately 2:00 a.m. in the Randolph Club's parking lot on Fifth Street in Downtown Philadelphia, Estoban Montalvo was surrounded by five or six men, one of which was appellant. One man grabbed Mr. Montalvo around the neck while the others, including appellant, grabbed him around the waist. The men proceeded to take Mr. Montalvo's wallet and watch. Mr. Montalvo had approximately $200.00 dollars in his wallet while his watch was valued at approximately $35.00. Subsequently, the men fled north on Fifth Street.

[1]. 18 Pa.C.S.A. § 3701.

[2]. 18 Pa.C.S.A. § 2701.

[3]. 18 Pa.C.S.A. § 903.

■ Appellant raises two issues on appeal: (1) whether the appellant's Rule 1100 rights were violated; and (2) whether appellant's trial counsel was ineffective in not raising a motion to dismiss under Rule 1100. Appellant specifically contends that since the complaint in this case was sworn on October 22, 1974, and appellant was not arrested until August 2, 1975, that his trial counsel should have filed a motion to dismiss under Rule 1100 since he originally waived his 180-day rights on December 8, 1975. It is to be noted that the period between the date of the filing of the complaint and the date of appellant's arrest would be excludable time from the 180-day limit if the Commonwealth, by a preponderance of the evidence, proves that the police exercised due diligence in trying to locate appellant. *See* Pa.R.Crim.P. 1100(d)(1); *Commonwealth v. Mitchell,* 472 Pa. 553, 372 A.2d 826 (1977); *Commonwealth v. Dorsey,* 294 Pa.Super. 584, 440 A.2d 619 (1982); *Commonwealth v. Jones,* 256 Pa.Super. 366, 389 A.2d 1167 (1978).

■ However, we will first consider whether appellant's seven year delay in raising this issue bars consideration of the merits of his claim. It is to be noted that the delay here in raising this issue was solely occasioned by appellant's fleeing the jurisdiction following his conviction. Seven years have passed since appellant robbed and assaulted Mr. Montalvo, the Commonwealth would be severely prejudiced in attempting to meet its' burden of due diligence in apprehending appellant, due to the possibility of dimmed memories and difficulty in locating witnesses. Also, this delay was solely the result of appellant fleeing the jurisdiction. We are of the opinion that appellant's delay bars consideration of the merits of his claim. *Commonwealth ex rel. Diggs v. Banmiller,* 191 Pa.Super. 101, 155 A.2d 402 (1959); *Commonwealth ex rel. Robinson v. Cavell,* 185 Pa.Super. 52, 138 A.2d 172 (1958); *Commonwealth v. Shaffer,* 498 Pa. 342, 446 A.2d 591 (1982) (Roberts, J., joined by O'Brien, C.J., and Nix, J., concurring); *Commonwealth v. Minarik,* 493

Pa. 573, 427 A.2d 623 (1981) (Roberts, J., joined by O'Brien, C.J., and Nix, J., concurring).

Judgment of sentence affirmed.

BECK, J., files a dissenting opinion.

BECK, Judge, dissenting:

I respectfully dissent. Today this Court holds that appellant's absence from the jurisdiction between his trial and sentencing, thereby causing delay in sentencing, bars us from reaching the merits of his properly perfected appeal. There is no support in the law of Pennsylvania for such a deprivation of a defendant's right to appeal. I would find appellant's ineffectiveness claim properly before this Court and would remand the case for an evidentiary hearing.

A brief recitation of the history of this case is in order. Appellant was arrested on August 2, 1975, and charged with robbery, conspiracy, and assault. The complaint had been filed on October 22, 1974. Appellant was found guilty of all charges at a bench trial on May 6, 1976. Having fled the jurisdiction, appellant did not appear for sentencing on July 22, 1976. He was reapprehended in February 1981. New counsel was appointed to represent appellant on March 9, 1981. With leave of court, post-verdict motions were filed *nunc pro tunc* on June 22, 1981 and were denied on October 19, 1981. Appellant was sentenced to five years' probation. This appeal followed.

As in his post-verdict motions, appellant contends that his trial counsel was ineffective in not raising the issue of whether appellant received a prompt trial in compliance with Pa.R.Crim.P. 1100. Specifically, appellant argues that counsel should have filed a pretrial motion to dismiss under Rule 1100(f).

The majority points out that appellant delayed raising his ineffectiveness claim for seven years because of his absence. However, it must be noted that ineffectiveness could only be raised after appellant was returned to the jurisdiction, and that ineffectiveness must be raised at the

earliest stage of the proceedings at which the allegedly ineffective counsel no longer represents the defendant. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Johnson*, 298 Pa.Super. 493, 444 A.2d 1291 (1982). New counsel did not arrive on the scene until March 1981. Hence, the first opportunity for appellant to make his ineffectiveness claim was at the post-verdict motions in 1981, and he properly did so. Only then was a judgment of sentence entered. Before the judgment of sentence, Rodriguez could not have taken this appeal. *Commonwealth v. Cavanaugh*, 500 Pa. 313, 456 A.2d 145 (1983).

The majority does not specifically contend that it was not within the power or the sound discretion of the trial court to allow appellant to file his post-verdict motions *nunc pro tunc.* It seems reasonable that if the trial court was correct in hearing the issue, the appellate court ought to review the trial court unless extraordinary circumstance commands the contrary. Indeed, this Court has specifically held that when an appellant, having fled between conviction and post-verdict motions, is returned to the court's jurisdiction, "this court may grant leave to re-file post-trial motions." *Commonwealth v. Clark*, 300 Pa.Super. 315, 318, 446 A.2d 633, 634 (1982). In placing this decision within the trial court's discretion, we recognize that there could be a situation where the defendant's actions caused a delay which so unduly prejudiced the Commonwealth that defendant's claims should not be heard by the trial court. However, the record of this case shows no more than the "possibility" (using the majority's word) that some memories have dimmed. Lacking any definite evidence of extreme prejudice, we must conclude that the trial court did not abuse its discretion in permitting the filing of post-verdict motions *nunc pro tunc.* Appellant properly had an opportunity to litigate his ineffectiveness claims on the merits at post-verdict motions, and he received a ruling thereon. Justice requires that he be heard on a timely filed

direct appeal from the lower court's judgment which followed.

Moreover, however we characterize the nature and length of any delay here, it is not fatal to appellant's claim. The Supreme Court has held that a claim of ineffectiveness based on the failure to assert a speedy trial claim was preserved despite a six-year delay. *Commonwealth v. Roundtree*, 469 Pa. 241, 364 A.2d 1359 (Pa.1976). This Court has likewise held that collateral attacks on judgments could be made after significant lapses of time. See *Commonwealth v. Kenney*, 317 Pa.Super. 175, 177, 463 A.2d 1142, 1143 n. 1 (1983) (seven-year delay before PCHA petition raising ineffectiveness issues not a bar but "is a factor which may be considered in assessing the merits thereof"); *Commonwealth ex rel. Diggs v. Banmiller*, 191 Pa.Super. 101, 155 A.2d 402 (1959) (court does reach merits of habeas petition despite sixteen-year delay; only holds that lapse of time adds weight to the presumption of regularity of the judgment). In both *Kenney* and *Diggs* the delay was at least in part attributable to defendant's inaction. There is no reason for a defendant to have less freedom to take a direct appeal than to bring a collateral action. At most, therefore, the passage of time in the instant case requires us to scrutinize appellant's claim more critically.

Turning to the merits of this appeal, appellant contends that trial counsel acted ineffectively by not moving to dismiss the charges on Rule 1100 grounds because more than 180 days had elapsed between the date of the complaint and appellant's arrest. In considering an ineffectiveness claim, "we must first decide whether or not the issue that counsel failed to raise or to preserve had some arguable merit. If we decide that the issue had some arguable merit, we must proceed to consider whether or not the course adopted by counsel had some reasonable basis." *Commonwealth v. Tate*, 299 Pa.Super. 518, 521, 445 A.2d 1250, 1251 (1982) (citations omitted). The failure to assert a meritorious Rule 1100 claim has no reasonable basis and will constitute ineffective assistance of counsel. *Common-*

*wealth v. Franklin,* 306 Pa.Super. 382, 452 A.2d 777 (1982); *Commonwealth v. Jackson,* 262 Pa.Super. 151, 396 A.2d 690 (1978). Therefore, the key issue is whether appellant's underlying Rule 1100 claim has arguable merit.

It is undisputed that more than 180 days elapsed between the complaint and appellant's arrest. Therefore, unless this time is excludable under subsection (d)(1) of Rule 1100 by virtue of the Commonwealth's due diligence in attempting to find appellant, appellant was not brought to trial within the prescribed time. The burden of proving due diligence is on the Commonwealth. *Commonwealth v. Ryan,* 306 Pa. Super. 159, 452 A.2d 264 (1982); *Commonwealth v. Wroten,* 305 Pa.Super. 340, 451 A.2d 678 (1982). Determinations of excludable time under Pa.R.Crim.P. 1100(d)(1) are made when the defendant files for dismissal under Rule 1100(f). *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976). Since no such motion was filed by trial counsel, the Commonwealth was never challenged to meet its burden.

In addressing appellant's claim that counsel was ineffective in not moving to dismiss, we must recognize that the burden of showing ineffective assistance of counsel is on the defendant. *Commonwealth v. Gay,* 489 Pa. 17, 413 A.2d 675 (1980); *Commonwealth v. Moody,* 295 Pa.Super. 106, 441 A.2d 371 (1982). However, this is not equivalent to a burden of *proving the merits* of the underlying claim. According to *Commonwealth v. Hubbard, supra,* all appellant need show is that the underlying Rule 1100 claim has *arguable* merit and that counsel had no reasonable basis for not raising the issue.

I would conclude that appellant has carried his burden of showing arguable merit and that the record is inadequate to reach a conclusion on whether counsel's inaction had any reasonable basis. When the record is inadequate to permit an appellate court to decide an ineffectiveness claim, the proper remedy is to remand for an evidentiary hearing. *Commonwealth v. Tate, supra.* I would remand for a hearing on whether or not trial counsel had any reasonable

basis for his decision not to challenge the Commonwealth to prove its due diligence during the period between the complaint and appellant's arrest.