504 A.2d 883

COMMONWEALTH of Pennsylvania

v.

Robert BLAGMAN, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 26, 1985.

Filed Jan. 31, 1986.

Regina B. Glerin, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Com. appellee.

Before BROSKY, JOHNSON and HESTER, JJ.

HESTER, Judge:

This is an appeal from the denial of appellant's Post Conviction Hearing Act (PCHA) petition without a hearing after the appointment of counsel. The court held that appellant waived his right to PCHA relief by waiting nine and one-half years before bringing this collateral attack on his judgment of sentence. Although the court erred in finding a waiver, we affirm the denial of relief due to the frivolity of appellant's PCHA petition.

Appellant was sixteen years old when arrested for first degree murder and other offenses. He was convicted by a jury and sentenced to life imprisonment. On direct appeal, his judgment of sentence was affirmed by the Pennsylvania Supreme Court on October 16, 1974. *Commonwealth v. Blagman*, 458 Pa. 431, 326 A.2d 296 (1974). Appellant

initiated this PCHA proceeding on March 8, 1984. The PCHA court held a hearing on the Commonwealth's motion to dismiss on the basis of the unexplained delay of more than nine years.

Appellant's excuses for the delay included his youth at the time of trial, his IQ of eighty-seven, his family's inability to afford counsel for him, his second-grade reading level and his ignorance of the law and how to prepare a petition. On the other hand, appellant was twenty years old when first incarcerated at Camp Hill in 1973. When he arrived, the law clinic told him to wait until a decision was made on his direct appeal. In 1978, appellant obtained a high school equivalency diploma, yet did nothing for five more years until he was transferred to Pittsburgh in 1983. While at Camp Hill, appellant used both the legal clinic and the law library, but never filed a postconviction petition until March, 1984.

After the hearing, the court concluded as a matter of law that appellant's "delay of approximately nine and one-half years bars consideration of [his] petition for relief." The court cited *Commonwealth v. Alexander*, 495 Pa. 26, 432 A.2d 182 (1981), as authority for invoking the doctrine of laches.

■ This was error. "The concept of laches ... has no place in the criminal law." *Commonwealth v. Doria*, 468 Pa. 534, 542, 364 A.2d 322, 326 (1976). This court recently held that "a reading of the plain language of the [Post Conviction Hearing Act] compels the conclusion that a defendant's *first* PCHA petition can be filed at any time following conviction." *Commonwealth v. Taylor*, 348 Pa. Super. 256, ——, 502 A.2d 195, 197, (1985). The *Taylor* court went on to say that

> an unexplained delay in filing a PCHA petition is a factor to be considered in assessing the merits of the *issues raised in* the petition.... We should take care, then, to distinguish between finding a petitioner's claims meritless based, in part, on delay in filing a PCHA petition, and dismissing a first PCHA petition without considering the claims raised therein.... The latter is inappropriate.

*Id.*, 348 Pa.Superior Ct. at —————, 502 A.2d at 197–198, (citations and footnote omitted) (emphasis in original).

The cases relied upon by the Commonwealth and by the PCHA court do not support the conclusion that a delay in filing may constitute a waiver of the right to file a first PCHA petition. The cases, instead, involved waiver of the right to withdraw a guilty plea due to unexplained delay following sentencing or involved waiver of a specific issue rather than waiver of the right to file a PCHA petition. *See Commonwealth v. Alexander*, 495 Pa. 26, 432 A.2d 182 (1981) (waiver of issues raised in *sixth* PCHA petition filed twenty-four years after entry of guilty plea); *Commonwealth v. Thompson*, 343 Pa.Super. 468, 495 A.2d 560 (1985) (specific issue of failure to make notes of testimony of sentencing hearing part of the record waived due to unexplained delay of five and one-half years in challenging sentence); *Commonwealth v. Tyler*, 335 Pa.Super. 301, 484 A.2d 144 (1984) (waiver of right to withdraw negotiated guilty plea due to delay of more than seven years); *Commonwealth v. Rodriguez*, 322 Pa.Super. 17, 468 A.2d 1137 (1983) (waiver of right to challenge alleged Rule 1100 violation due to delay of seven years); *Commonwealth v. Kale*, 312 Pa.Super. 69, 458 A.2d 239 (1983) (waiver of right to withdraw guilty plea due to delay of seven and one-half years). We hold that the instant delay of nine and one-half years cannot preclude the filing of appellant's first PCHA petition.

We must therefore consider the merits of appellant's PCHA petition and determine whether he is entitled to a hearing on any of the claims raised therein. A hearing is required when "a petition alleges facts that, if proven, would entitle the petitioner to relief"; no hearing is necessary "if the petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence submitted by the petitioner." 42 Pa.C.S. § 9549. Inasmuch as appellant's claims are patently frivolous and without a trace of support, no hearing is required to deny the relief requested in his petition.

Appellant's postconviction petition challenged trial counsel's effectiveness on five grounds: 1) failure to challenge confessions which were the product of unnecessary delay between arrest and arraignment, 2) failure to raise the issue of the voluntariness of his confession when he was a sixteen-year-old juvenile with a second-grade reading level, 3) failure to object to improper prosecutorial remarks and to preserve this issue on appeal, 4) failure to object to the inadequacy of the jury charge, and 5) failure to call a crucial witness to testify at trial.

When reviewing the effectiveness of counsel, we determine first whether the underlying claim has merit. If it does, we then ask whether counsel's handling of the matter had some reasonable basis designed to effectuate his client's interests. Counsel is not ineffective unless there was no reasonable basis for the action, and counsel may not be faulted for failing to take baseless or meritless action. Finally, a finding of ineffectiveness requires a showing that the course of action pursued by counsel was prejudicial to the defendant. *Commonwealth v. Clemmons*, 505 Pa. 356, 360–62, 479 A.2d 955, 957–58 (1984); *see Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Commonwealth v. Brinkley*, 505 Pa. 442, 480 A.2d 980 (1984); *Commonwealth v. Anderson*, 501 Pa. 275, 461 A.2d 208 (1983); *Commonwealth v. Garrity*, 331 Pa.Super. 475, 480 A.2d 1133 (1984); *Commonwealth v. Davis*, 331 Pa.Super. 285, 480 A.2d 1035 (1984).

The first two issues have been finally litigated adversely to appellant. The arguments made by appellant were considered and rejected by the supreme court on direct appeal ten years ago. *Commonwealth v. Blagman, supra*, 458 Pa. at 434–37, 326 A.2d at 297–300.

Appellant's remaining allegations of ineffectiveness of counsel provide no grounds for relief. "Where it is clear that allegations of ineffectiveness of counsel are baseless or meritless then an evidentiary hearing is unnecessary and the unfounded allegations should be rejected and dismissed." *Commonwealth v. Clemmons*, 505 Pa. 356, 361, 479 A.2d 955, 957 (1984).

■ The third issue is a spurious claim that trial counsel was ineffective in failing to object to unspecified prejudicial remarks during the prosecutor's closing statement at trial. Appellant's argument is that counsel did not raise the issue of prejudicial prosecutorial remarks either at trial or on direct appeal, and his failure to do so constituted ineffective assistance. Appellant, however, provides absolutely no basis for us to assume that any prejudicial comments were actually made during closing argument.[1]

■ The fourth issue is that counsel was ineffective for failing to object to the inadequacy of the jury charge at appellant's trial. He makes specific reference to the absence of instructions on appellant's own testimony, on circumstantial evidence and on expert opinion testimony, as well as a failure to charge the jury on the burden of proof as to the voluntariness of his confession.

> Where a charge to the jury adequately states the law and creates no likelihood of confusion, counsel will not be deemed ineffective in failing to oppose the charge. *Commonwealth v. Rowles*, 501 Pa. 514, 462 A.2d 619 (1983). In reviewing a jury's instruction we must look to the whole charge, and not just isolated excerpts therefrom. *Commonwealth v. Waller*, 322 Pa.Super. 11, 468 A.2d 1134 (1983).

*Commonwealth v. Davis*, 331 Pa.Super. 285, 301–02, 480 A.2d 1035, 1043 (1984). After reviewing the trial court's entire charge, we hold that it accurately and fairly reflected the law as it applied to the present case and that counsel cannot be deemed ineffective in failing to oppose the charge.

■ Finally, appellant challenges trial counsel's effectiveness for failing to call "a crucial witness" to testify at trial. Not only has appellant neglected to explain how the testi-

---

1. The record does not contain a transcript of the closing arguments during appellant's trial. We are informed that the court reporter's death during the intervening ten years has rendered the notes of testimony permanently unavailable. It is this sort of possibility which makes delay in raising a claim an important factor in evaluating the merits of the claim.

mony was crucial to appellant's case, he has failed to identify the witness. In 1981, the Supreme Court of Pennsylvania stated:

> Assertions of ineffectiveness in a vacuum cannot be ineffectiveness. Counsel who is alleging ineffectiveness must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective. This Court will no longer consider claims of ineffective assistance of counsel in the abstract.

*Commonwealth v. Pettus,* 492 Pa. 558, 563, 424 A.2d 1332, 1335 (1981). More recently, this court has held that in seeking to establish that counsel was ineffective for failing to call witnesses, "appellant must show (1) the identity of the witnesses, (2) that counsel knew of the existence of the witnesses, (3) the material evidence that the witnesses would have provided, and (4) the manner in which the witnesses would have been helpful to his cause." *Commonwealth v. Polk,* 347 Pa.Super. 265, 271–273, 500 A.2d 825, 828–829 (1985). Appellant has utterly failed to allege any of these elements, and this claim is also patently frivolous.

For the foregoing reasons, we affirm the order denying appellant's petition for postconviction relief.