PER CURIAM.
Appellant, John L. Johnson, Sr., challenges his convictions for burglary and theft, contending that the trial court’s conduct in forcing him to appear before the jury, bound and gagged, constituted a fundamental violation of his right to fair trial. We disagree and affirm.
After the court repeatedly warned appellant that the court would not tolerate future disruptions during the course of his trial, and would gag and handcuff him in the presence of the jury if he violated the court’s order, and secured his promise that no such untoward actions would occur, appellant, unable to restrain himself, interrupted his counsel’s examination of a witness and undertook the examination. The court excused the jury and imposed the restraints previously threatened. The defense did not object to such procedure and the court followed its action with a cautionary instruction to the jurors informing them they were to decide the case on its facts and evidence and not be influenced by the measures taken. After the witness completed her testimony, the gag and handcuffs were removed from appellant for the remainder of the trial.
Our survey of out-of-state law on the subject[1] reveals that reviewing courts assess the use of such restraints by the abuse-of-discretion standard, and generally affirm their use under circumstances where a defendant’s behavior is repeatedly and sufficiently disruptive, where the trial court instructs the jurors that the means employed should not figure into their determination of a verdict, and where it appears that the court’s action was the most appropriate remedy under the circumstances. See generally Avant v. State, 528 N.E.2d 74 (Ind.1988); Molina v. State, 971 S.W.2d 676 (Tex.Ct.App.1998); Commonwealth v. Kenney, 317 Pa.Super. 175, 463 A.2d 1142 (1983). As the United States Supreme Court explained:
We believe trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case. No one formula for maintaining the appropriate courtroom atmosphere will be best in all situations. We think there are at least three constitutionally permissible ways for a trial judge to handle an obstreperous defendant like Allen: (1) bind and gag him, thereby keeping him present; (2) cite him for contempt; (3) take him out of the courtroom until he promises to conduct himself properly.
Illinois v. Allen, 397 U.S. 337, 344-45, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970).
In the present case, the trial court opted for the remedy of restraining defendant from further disruptive verbal behavior while allowing him to remain in the courtroom and permitting him to observe his attorney ask the witness the question he had wanted her to ask, and thereafter the handcuffs and tape were removed. Al *1151 though the jury was fully cognizant of this procedure, the restraints were imposed for only a few minutes of a day-long trial. Based upon these facts (failure to object, brevity of the period of restraint, cautionary instruction to the jury), Johnson fails to show that the trial court committed fundamental error in employing the method it chose for maintaining order during the course of the trial.
AFFIRMED.
ERVIN, VAN NORTWICK and PADOVANO, JJ., concur.

. Our research of Florida case law uncovered cases involving defendants who were shackled because they presented a danger of physically disrupting the proceedings, whereas the case at bar involves purely vocal disruptive behavior.