Commonwealth *v.* Spann, Appellant.

Submitted March 18, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*James T. Owens,* for appellant.

*David Richman, James J. Wilson, Mark Sendrow,* and *Steven Goldblatt,* Assistant District Attorneys, *Abraham J. Gafni,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY WATKINS, P. J., June 21, 1974:

This is an appeal from the Court of Common Pleas of Philadelphia County, Trial Division, denying appellant's request for relief under the Post Conviction Hearing Act of 1966, January 25, P. L. 1580, Section 1 et seq., 19 P.S. §1180-1 et seq.

The appellant was apprehended on April 20, 1969, by police officers who saw him fleeing from a cold

storage warehouse. The officers had been summoned to the scene by a radio call. While searching the appellant, the police officers found a sharp knife. The appellant was charged with carrying a concealed deadly weapon, possession of burglary tools and burglary. On July 15, 1969, after a non-jury trial, the defendant was found guilty of burglary and carrying a concealed deadly weapon. Post-trial motions were heard and denied by the court below and after a post conviction hearing, relief was refused. This appeal followed.

Appellant complains that he was denied the effective assistance of counsel at trial because the counsel failed to file motions to suppress a statement allegedly given to the police officer by the defendant and that the testimony of the security guard as to the ownership of the warehouse was insufficient to establish the elements of ownership and lack of consent.

We are convinced that the Commonwealth established that the warehouse was owned by someone other than the appellant. A security guard who testified for the Commonwealth that although he had not seen the deed and had not known who owned the warehouse prior to April 20, 1973, he subsequently learned that the building was owned by the Redevelopment Authority and that a part of his duties was to check the building several times a week. The arresting officer also testified that the building was owned by the Redevelopment Authority. This testimony was properly admitted and constituted sufficient evidence of ownership. *Commonwealth v. Myers*, 131 Pa. Superior Ct. 258, 200 A. 143 (1938).

The appellant's claim of ineffective assistance of counsel is without merit. Although counsel did not file pre-trial motions to suppress the statement, he vigorously attacked it at trial as to its voluntariness and the court, sitting without a jury, permitted extensive cross-examination concerning it.

As to his failure to file pre-trial motions, hindsight is always better than foresight. Certainly an attorney is not required to file every motion available to the defendant under pain of being accused of ineffective representation. *Commonwealth v. Marsh,* 440 Pa. 590, 271 A. 2d 481 (1970); *Commonwealth v. Maroney,* 427 Pa. 599, 235 A. 2d 349 (1967). See also *United States v. Hines,* 470 F. 2d 225 (3d Cir. 1972).

Since it was a trial, non jury, despite the failure to file a suppression motion, the judge permitted a complete hearing and cross-examination as to the statement at trial so that the defendant was not deprived of his right to the effective assistance of counsel.

Order affirmed.