456 A.2d 661

**COMMONWEALTH of Pennsylvania**

v.

**Raymond John BOSWORTH, Appellant.**

Superior Court of Pennsylvania.

Submitted April 23, 1982.

Filed Feb. 18, 1983.

Edward F. Kane, Norristown, for appellant.

Joseph A. Smyth, District Attorney, Norristown, for Commonwealth, appellee.

Before WICKERSHAM, BROSKY and WIEAND, JJ.

WIEAND, Judge:

Does a burglar who parks his vehicle on property of another in violation of posted "No Trespassing" signs have a reasonable expectation of privacy with respect to stolen property stored in the trunk of his vehicle from which he has allowed the keys to remain dangling while he engages in the commission of a burglary? The trial court concluded that there was no such expectation of privacy and refused to suppress stolen property found in the trunk by a police-

man responding to a silent burglar alarm. The Commonwealth used the evidence in obtaining the vehicle owner's nonjury conviction for burglary and related offenses. Raymond Bosworth, the vehicle's owner, who was found and arrested inside the building being burglarized, appeals from the judgment of sentence. We affirm.

At or about 12:25 p.m. on October 10, 1980, the police of Towamencin Township were alerted by a silent burglar alarm which had been tripped in a barn used for storage in Harleysville. Sgt. Alfred M. Gillette arrived at the property of P.H. Lumber Company at 12:28 p.m. He observed a Cadillac automobile parked in a weeded area near the barn. He approached the vehicle in order to obtain the registration number, but as he drew closer, he observed that the keys were dangling from the trunk lock. He opened the trunk of the Cadillac and observed the top of a birdbath and other items. He closed the trunk, taking the keys with him, and went to the barn, which was the building protected by the alarm. Upon entering the building through a door which had previously been forced open, he observed appellant descending a ladder from the second floor. He also observed a birdbath pedestal which seemed to match the birdbath seen in the trunk of the Cadillac. Appellant was taken into custody. The vehicle, which was registered in appellant's name, had been parked on P.H. Lumber Company's land which had been posted with "No Trespassing" signs.

The controlling principle appears in *Commonwealth v. Grabowski,* 306 Pa.Super. 483, 452 A.2d 827 (1982) as follows:

The Fourth Amendment of the Constitution prohibits only unreasonable searches and seizures. *Mincey v. Arizona,* 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978); *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). To constitute a 'search' within the Fourth Amendment, police activity must intrude upon an area or concern wherein the appellant harbored a reasonable expectation of privacy. *Rawlings v. Kentucky,* 448 U.S. 98,

100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *Commonwealth v. Layman,* 290 Pa.Super. 244, 434 A.2d 735 (1981).

*Id.,* 306 Pa.Superior at 490, 452 A.2d at 831 (the possessor of a stolen vehicle who leaves it at a public service station for purposes of resale has no legitimate expectation of privacy with respect to the confidential vehicle identification numbers concealed on the automobile). See also: *Commonwealth v. Best-Bey,* 258 Pa.Super. 478, 393 A.2d 459 (1978).

It is by now well settled that a person's expectation of privacy with respect to an automobile is significantly less than with respect to his or her home or office. *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). See: *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982); *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); *Commonwealth v. Holzer,* 480 Pa. 93, 389 A.2d 101 (1978); *Commonwealth v. Grabowski, supra.* Moreover, an expectation of privacy and the strength thereof may be judged by the measures taken to ensure privacy. *Commonwealth v. Weimer,* 262 Pa.Super. 69, 75, 396 A.2d 649, 651 (1978).

In the instant case there clearly could have been no reasonable expectation of privacy. Appellant's vehicle had been parked on the property of another person where it had no right to be. Not only was appellant trespassing on another's land, but he was actually engaged in a criminal act against the owner. Certainly there can be no reasonable expectation of privacy with respect to a get-away-car, parked where it has no right to be, while it awaits the arrival of a criminal who is then engaged in committing a crime. In the instant case, there was more. Here, appellant had also left the keys dangling in the trunk lock of the trespassing vehicle. Under these circumstances, it would have been wholly unreasonable to expect the interior of the

trunk to be accorded privacy. See: *Commonwealth v. Grabowski, supra; Commonwealth v. Best-Bey, supra.* See also: *Commonwealth v. Tungland,* Minn., 281 N.W.2d 646 (1979).

In *United States v. Ramapuram,* 632 F.2d 1149 (4th Cir.1980), *cert. denied,* 450 U.S. 1030, 101 S.Ct. 1739, 68 L.Ed.2d 225 (1981), the defendant stole dynamite and stored it on his father's farm in the trunk of an old car which he had been using. The car was in a field, unused, and the trunk lock mechanism had been removed. Police seized the dynamite without a warrant, and appellant contended that the search and seizure of the dynamite were illegal. The court held:

> [T]he thrust of the Fourth Amendment simply does not extend to locations lacking a foundation for reasonably expecting that the materials will be accorded privacy. Exploration by the government although without a warrant of non-private place does not compel the suppression of evidence so obtained. (Citations omitted.)

*Id.* at 1153. The court, in addressing further the legality of the warrantless opening of the unlocked trunk, said:

> It is sufficient here to observe that whatever expectation of privacy attends a closed but unsecured "effect" generally is diminished where the "effect" itself is placed in an area totally without the protection of the Fourth Amendment such as an open field. (Citations omitted.)

*Id.* at 1155.

Wrongful possession and wrongful presence in a place or vehicle have consistently been held to reduce the reasonableness and legitimacy of a person's expectation of privacy for Fourth Amendment purposes. See: *Rakas v. Illinois, supra,* 439 U.S. at 141 n. 9, 99 S.Ct. at 429 n. 9, 58 L.Ed.2d at 399–400 n. 9; *Commonwealth v. Grabowski, supra,* 306 Pa.Super. at 491, 452 A.2d at 832; *Commonwealth v. Freeman,* 295 Pa.Super. 467, 472, 441 A.2d 1327, 1329 (1982); *Commonwealth v. Prengle,* 293 Pa.Super. 64, 67 n. 3, 437 A.2d 992, 994 n. 3 (1981).

If appellant had a subjective expectation of privacy, it was not only unreasonable, but also one which the law is not prepared to recognize and protect. In *Rakas v. Illinois, supra* 439 U.S. at 143 n. 12, 99 S.Ct. at 430 n. 12, 58 L.Ed.2d at 401 n. 12, the Supreme Court observed:

[A] "legitimate" expectation of privacy by definition means more than a subjective expectation of not being discovered. *A burglar plying his trade in a summer cabin during the off season may have a thoroughly justified subjective expectation of privacy, but it is not one which the law recognizes as "legitimate."* His presence ... is "wrongful"; his expectation is not one that society is prepared to recognize as "reasonable." (Citation omitted.) (Emphasis supplied.)

See also: *Smith v. Maryland,* 442 U.S. 735, 740, 99 S.Ct. 2577, 2580, 61 L.Ed.2d 220, 226–227 (1979); *Katz v. United States, supra* 389 U.S. at 360, 88 S.Ct. at 516, 19 L.Ed.2d at 587–588 (1967) (Concurring Opinion by Harlan, J.).

We here decline to extend Fourth Amendment protection to the trunk of a vehicle which has been parked where it has no right to be while the owner engages in criminal activity. This is particularly so where, as here, the owner has allowed the key to the trunk to remain dangling in the lock visible to anyone who looks.

■ There is no merit in appellant's remaining contentions. The warehouse being burglarized had been owned by and was known as property of P.H. Lumber Company, and it was in this manner that it was described in the information. On the day of the burglary, however, the lumber company was in bankruptcy, and the title to its property was vested in a trustee in bankruptcy. This was not a fatal variance. "It is well settled that a purported variance will not be deemed fatal unless it could mislead the defendant at trial, involves an element of surprise prejudicial to the defendant's efforts to prepare his defense, precludes the defendant from anticipating the prosecution's proof, or impairs a substantial right." (Footnotes omitted). *Common-*

wealth v. Pope, 455 Pa. 384, 391, 317 A.2d 887, 890 (1974). Accord: *Commonwealth v. Kelly*, 487 Pa. 174, 177–178, 409 A.2d 21, 23 (1979); *Commonwealth v. Schomaker*, 293 Pa.Super. 78, 83, 437 A.2d 999, 1001 (1981); *Commonwealth v. Niemetz*, 282 Pa.Super. 431, 442 n. 10, 422 A.2d 1369, 1375 n. 10 (1980); *Commonwealth v. Wilkinson*, 278 Pa.Super. 490, 500, 420 A.2d 647, 652 (1980); *Commonwealth v. Possinger*, 264 Pa.Super. 332, 343–344, 399 A.2d 1077, 1083 (1979). Here, the nature and location of the offense charged, including the identity of the building allegedly violated, were unambiguously and plainly set forth in the information. Appellant was neither misled nor prejudiced by the fact that the reputed owner had gone into bankruptcy. He knew precisely the building which he was accused of burglarizing. Cf. *Commonwealth v. Spann*, 228 Pa.Super. 192, 323 A.2d 140 (1974).

Ownership of the warehouse and its contents, as well as appellant's lack of privilege to enter the building and remove personal property, were established by testimony received from the senior vice president of the bank which had been delegated by the trustee in bankruptcy to sell and dispose of the property. It was not essential to proof of a burglarious entry that the Commonwealth produce the trustee in bankruptcy. See: *Commonwealth v. Spann, supra; Commonwealth v. Myers*, 131 Pa.Super. 258, 200 A. 143 (1938).

■ Neither does the failure of the Commonwealth to produce testimony regarding the value of the birdbath require a reversal. *Commonwealth v. Farmer*, 244 Pa.Super. 334, 343, 368 A.2d 748, 752 (1976). Proof of actual value was relevant only to establish the grade of the offense for purposes of imposing sentence. *Commonwealth v. McKennion*, 235 Pa.Super. 160, 163, 340 A.2d 889, 891 (1975).

The judgment of sentence is affirmed.